UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 2:22-CR-099 |
| v. | ) | JUDGE GREER |
| | ) | |
| LANCE MARVETTE JORDAN | ) | |

## PLEA AGREEMENT

The United States of America, by the Acting United States Attorney for the Eastern District of Tennessee, and the defendant, Lance Marvette Jordan, and the defendant's attorney, Charles Bledsoe, have agreed upon the following:

1. The defendant will plead guilty to the following count(s) in the indictment:

   a) <u>Count One</u>: Conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

   The punishment for this offense is as follows: A minimum mandatory 10 years up to life imprisonment; a maximum fine of $10,000,000.00; a minimum of 5 years up to life on supervised release, and a $100 mandatory assessment fee.

   b) <u>Count Three</u>: Conspiracy to commit money laundering, in violation of 21 U.S.C. 1956(h).

   The punishment for this offense is as follows: A term of imprisonment of up to 20 years; a maximum fine of $500,000.00 or twice the value of the monetary instruments or funds involved, whichever is greater; up to three years on supervised release, and a $100 mandatory assessment fee.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this indictment.

1

LJ

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) In the spring of 2021 a multi-agency investigation began into a group of individuals trafficking methamphetamine and heroin between the Atlanta, Georgia metropolitan area and the Tri-Cities in northeastern Tennessee. In the early stages of the investigation agents cultivated a confidential source (CS) that could purchase illegal drugs from co-defendant Lance Jordan and CS (CS-1) began a series of controlled buys of methamphetamine and heroin from him in and around Johnson City, Tennessee.

b) Through the course of the controlled drug buys it was revealed that co-defendant Matthew Runyan worked together with Jordan to sell methamphetamine. Runyan was previously married to a relative of Jordan. Toll analysis of Jordan's cell phone number showed him to be in regular contact with Anderson Romain, aka Jean M. Merisma around Atlanta, Georgia. Through the course of the investigation the agents determined, and the defendant now admits, that Romain supplied resale quantities of methamphetamine and heroin to a network of suppliers, including the defendant, in the Eastern District of Tennessee (EDTN). The modus operandi of the drug trafficking organization (DTO) included that sometimes conspirators from the EDTN would travel to Georgia to obtain methamphetamine from Romain and at other times Romain would deliver the methamphetamine to select members of the DTO in the EDTN.

c) Beginning on June 23, 2021 and continuing periodically through April 19, 2022 agents used a CS to purchase illegal drugs involving the defendant. In total, the CS purchased methamphetamine from Jordan 11 times for a total of over 1.50 kilograms of methamphetamine; the CS also purchased heroin from Jordan five (5) times for a total of approximately 200 grams of heroin. Runyan actively participated in five (5) of those controlled buys. On three of those occasions (September 1, 2021; December 7, 2021; January 4, 2022) the CS initially contacted Jordan who indicated he was unavailable and instructed the CS to call Runyan who completed the transaction; and on the other two occasions (February 17, 2022 & April 19, 2022) Jordan and Runyan were working together when the transactions were completed. All of the transactions took place in public locations in Johnson City, Tennessee. The following table summarizes the transactions:

| Date | Defendant(s) | Drug M=meth H=heroin | Dollar Amount |
|---|---|---|---|
| 6/23/21 | Jordan | 4 ounces M | $2,000 |
| 7/6/21 | Jordan | 6 ounces M 1 ounce H | $5,000 |
| 7/22/21 | Jordan | 5 ounces M | $2,700 |
| 8/5/21 | Jordan | 1.5 ounces H | $3,000 |
| 9/1/21 | Runyan | 5 ounces M | $2,500 |
| 9/16/21 | Jordan | 5 ounces M | $2,500 |
| 10/11/21 | Jordan | 5 ounces of M | $2,500 |
| 10/20/21 | Jordan | 2 ounces of H | $4,000 |
| 11/18/21 | Jordan | 2 ounces of H | $4,000 |
| 11/23/21 | Jordan | 1 ounce H | $2,000 |
| 12/7/21 | Jordan & Runyan | 5 ounces M | $2,500 |
| 1/4/22 | Jordan & Runyan | 5 ounces M | $2,500 |
| 1/19/22 | Jordan | 5 ounces M | $2,500 |
| 2/17/22 | Jordan & Runyan | 6 ounces M | $3,000 |
| 4/19/22 | Jordan & Runyan | 4 ounces M | $2,000 |
| | **TOTAL** | **55 ounces M 7.5 ounces H** | **$42,700** |

d) The defendant now admits that he received cash payments alone as well as with and via Runyan as part of their drug sales and they used some of those proceeds to obtain additional quantities of drugs from Romain and others. Further, the defendant admits that he and Runyan ran some of the drug proceeds through Runyan's insurance business to disguise its origins.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

   a) the right to plead not guilty;

   b) the right to a speedy and public trial by jury;

   c) the right to assistance of counsel at trial;

   d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

   e) the right to confront and cross-examine witnesses against the defendant;

   f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

   g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

   a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

   b) The Court will impose special assessment fees as required by law; and

   c) The Court may order forfeiture as applicable and restitution as appropriate.

4

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

    d)  Pursuant to Rule 11(c)(1)(C), for the purposes of this plea agreement, the parties agree that the defendant should be held individually responsible for distributing more than 1.5 kilograms of actual methamphetamine, but less than one 4.5 kilograms of actual methamphetamine.

    e)  Pursuant to Rule 11(c)(1)(C), for the purposes of this plea agreement, the parties agree that an Aggravated Role adjustment pursuant to USSG §3B1.1 should NOT apply to this defendant.

    7.  Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or

5 LJ

Case 2:22-cr-00099-JRG-CRW Document 92 Filed 01/24/23 Page 5 of 10 PageID #: 202

make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that constitutes or is derived from, any proceeds obtained, directly or indirectly, as a result of the offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense in Count One, in violations of 21 U.S.C. §§ 841 and/or 846 and in Count Three, in violations of 18 U.S.C. § 1956, and any property traceable to such property which are in the possession or control of the defendant or the defendant's nominees. The property to be forfeited includes but is not limited to the following: *LJ* *AL* $25,000 (twenty-five thousand)

A money judgment representing the proceeds that the defendant, LANCE MARVETTE JORDAN personally obtained in the amount of ~~$50,000.00~~ as a result of violations of 21 U.S.C. §§ 841 and/or 846, and 18 U.S.C.§ 1956.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the property described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of

6   *LJ*

a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against the property. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

10. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

7

LJ

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation

8

LJ

or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

13. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

14. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea

9

LJ

Case 2:22-cr-00099-JRG-CRW   Document 92   Filed 01/24/23   Page 9 of 10   PageID #: 206

agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
United States Attorney

1/24/23
Date

By: _____
J. CHRISTIAN LAMPE
Assistant United States Attorney

01/24/2023
Date

_____
LANCE MARVETTE JORDAN
Defendant

1/24/23
Date

_____
CHARLES BLEDSOE
Attorney for the Defendant

10